UNDER SEAL

FILED
CHARLOTTE, NC

SEP 18 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Docket No.: 3:25 cr 263-KDB |
| | ) | |
| v. | ) | **BILL OF INDICTMENT** |
| | ) | |
| DONNELL WRIGHT MCCASKILL | ) | Violations: |
| | ) | 18 U.S.C. § 371 |
| | ) | 18 U.S.C. § 1029(a)(1) |
| | ) | 18 U.S.C. § 1028(a)(2) |
| | ) | 18 U.S.C. § 1028A |
| | ) | 18 U.S.C. § 2 |

**UNDER SEAL**

**THE GRAND JURY CHARGES:**

At all times material to this Indictment:

### Introduction

1. Beginning no later than August 2023 and continuing until at least October 2023, in Mecklenburg County, North Carolina, and elsewhere, Defendant DONNELL WRIGHT MCCASKILL ("MCCASKILL"), S.D., T.D., O.B., and others known and unknown to the Grand Jury, conspired to engage in an identity theft scheme whereby co-conspirators obtained counterfeit and fictitious forms of identification and counterfeit and fictitious credit cards in the names of victims (collectively, the "Identity Theft Victims").

### Background

2. MCCASKILL was a resident of Charlotte, North Carolina, within the Western District of North Carolina.

3. S.D. was a resident of South Carolina and California. T.D. was a resident of South Carolina. O.B. was a resident of New York.

4. The Identity Theft Victims resided in various states throughout the United States.

5. Cash App was a digital wallet that allowed users to send and receive money, amongst other things.

## COUNT ONE
## 18 U.S.C. § 371
### (Conspiracy to Commit Offenses Against the United States)

6. Paragraphs 1 through 5 of this Bill of Indictment are re-alleged and incorporated herein by reference as though fully set forth herein.

7. Beginning no later than August 2023 and continuing until at least October 2023, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the Defendant,

**DONNELL WRIGHT MCCASKILL,**

S.D., T.D., O.B., and others known and unknown to the Grand Jury, did knowingly combine, conspire, confederate and agree to commit offenses against the United States, including producing, using, and trafficking in a counterfeit access device, in violation of Title 18, United States Code, Section 1029(a)(1), unlawful transfer of a false identification document, in violation of Title 18, United States Code, Section 1028(a)(2), and aggravated identity theft in violation of Title 18, United States Code, Section 1028A.

### Objects of the Conspiracy

8. *Producing, Using, and Trafficking in a Counterfeit Access Device*: It was a part and an object of the conspiracy that MCCASKILL, S.D., T.D., O.B., and others known and unknown to the Grand Jury, aiding and abetting each other, would and did knowingly and with the intent to defraud, produce, use, and traffic, and attempt to produce use, and traffic, in one or more counterfeit access devices, said production, trafficking, and use affecting interstate and foreign commerce in violation of Title 18, United States Code, Section 1029(a)(1).

9. *Unlawful Transfer of a False Identification Document*: It was a part and an object of the conspiracy that MCCASKILL, S.D., T.D., O.B., and others known and unknown to the Grand Jury, aiding and abetting each other, would and did knowingly transfer, and attempt to transfer, an identification document, authentication feature, and false identification document, which identification document, authentication feature, and false identification document was transported in the mail in the course of the transfer and was in and affected interstate commerce, knowing that such document was without lawful authority in violation of Title 18, United States Code, Section 1028(a)(2).

10. *Aggravated Identity Theft*: It was a part and an object of the conspiracy that MCCASKILL, S.D., T.D., O.B., and others known and unknown to the Grand Jury, aiding and abetting each other, would and did knowingly possess and use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another actual person, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), in violation of Title 18, United States Code, Section 1028A(a)(1).

## Manner and Means

11.  MCCASKILL, S.D., T.D., O.B., and others known and unknown to the Grand Jury, carried out the conspiracy in among other ways, the following manner and means:

   a. MCCASKILL produced or otherwise obtained counterfeit and fictitious forms of identification and counterfeit and fictitious credit cards in the names of victims, including purported Texas, Florida, Utah, Connecticut, Michigan, and New York driver's licenses with the PII of Identity Theft Victims but with photographs of S.D., T.D., and O.B.

   b. MCCASKILL would generally send Federal Express packages to co-conspirators, including S.D., containing counterfeit and fictitious forms of identification and counterfeit and fictitious credit cards in the names of victims.

   c. MCCASKILL would generally present himself under an alias at Federal Express locations to avoid detection.

   d. MCCASKILL received payments from co-conspirators via Cash App.

## Overt Acts

12.  In furtherance of the conspiracy and to effect the objects thereof, there was committed by at least one of the co-conspirators herein, in the Western District of North Carolina and elsewhere, at least one of the following overt acts, among others:

   a. On or about August 16, 2023, MCCASKILL, falsely presenting himself as Victim S.W., entered a Federal Express location in Charlotte, North Carolina and shipped five packages.

   b. One of the packages from August 16, 2023 was addressed to co-conspirator S.D. with an address in Los Angeles, California. The package contained approximately 22 counterfeit and fictitious driver's licenses with the PII of certain Identity Theft Victims but with the photograph of S.D. or T.D. and approximately 30 counterfeit and fictitious credit cards in the names of certain Identity Theft Victims.

   c. On or about September 1, 2023, MCCASKILL, using a counterfeit and fictitious driver's license in the name of C.W., entered a Federal Express location in Charlotte, North Carolina and shipped three packages.

   d. MCCASKILL sent one of the packages from September 1, 2023 to an address in Vauxhall, New Jersey. The package contained a counterfeit and fictitious driver's license and a counterfeit and fictitious credit card in the name of M.B. but with a photograph of O.B.

   e. On or about January 5, 2019, MCCASKILL, fraudulently and without authorization, opened a Cash App account in the name of Victim S.W. In support of the account opening, MCCASKILL submitted a counterfeit and fictitious New

York driver's license in the name of Victim S.W. but with a photograph of MCCASKILL and submitted a false Social Security Number on behalf of Victim S.W.

  f. MCCASKILL used the Cash App account fraudulently opened in the name of Victim S.W. to receive funds related to the conspiracy. For example, on or about October 21, 2023, MCCASKILL received a Cash App transfer from M.B. with a subject line which stated, "need an I'd [sic] made lost ya contact." Two days later, on or about October 23, 2023, MCCASKILL received two Cash App transfers from M.B. in the approximate total amount of $440.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
## 18 U.S.C. § 1029(a)(1)
### (Producing, Using, and Trafficking in a Counterfeit Access Device)

13. Paragraphs 1 through 12 of this Bill of Indictment are re-alleged and incorporated herein by reference as though fully set forth herein.

14. Beginning no later than August 2023 and continuing until at least October 2023, within the Western District of North Carolina, and elsewhere, the Defendant,

**DONNELL WRIGHT MCCASKILL,**

knowingly and with the intent to defraud, produced, used, and trafficked, and attempted to produce, use, and traffic, in one or more counterfeit access devices, to wit, counterfeit credit cards, said production, trafficking, and use affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 1029(a)(1), (b)(1), and 2.

## COUNTS THREE THROUGH ELEVEN
## 18 U.S.C. § 1028(a)(2)
### (Unlawful Transfer of a False Identification Document)

15. Paragraphs 1 through 12 of this Bill of Indictment are re-alleged and incorporated herein by reference as though fully set forth herein.

16. On or about the dates set forth in the chart below, each such date constituting a separate count, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the Defendant,

**DONNELL WRIGHT MCCASKILL,**

knowingly transferred, and attempted to transfer, an identification document, authentication feature, and false identification document, to wit, a counterfeit and fictitious driver's license, which appears to have been issued by and under the authority of one or more States, and which

4

identification document, authentication feature, and false identification document was transported in the mail in the course of the transfer and was in and affected interstate commerce, knowing that such document was produced without lawful authority:

| Count | Approximate Date | Document Type |
|---|---|---|
| THREE | August 16, 2023 | Florida driver's license in the name of Victim R.C. |
| FOUR | August 16, 2023 | Florida driver's license in the name of Victim E.P. |
| FIVE | August 16, 2023 | Texas driver's license in the name of Victim D.C. |
| SIX | August 16, 2023 | Texas driver's license in the name of Victim M.G. |
| SEVEN | August 16, 2023 | New York driver's license in the name of Victim E.E. |
| EIGHT | August 16, 2023 | New York driver's license in the name of Victim A.B. |
| NINE | August 16, 2023 | New York driver's license in the name of Victim J.M.H. |
| TEN | August 16, 2023 | New York driver's license in the name of Victim J.L.H. |
| ELEVEN | August 16, 2023 | Michigan driver's license in the name of Victim R.B. |

All in violation of Title 18, United States Code, Sections 1028(a)(2), (b)(1)(A)(ii), (f) and 2.

5

# COUNTS TWELVE THROUGH TWENTY
## 18 U.S.C. § 1028A(a)(1)
### (Aggravated Identity Theft)

17. Paragraphs 1 through 12 of this Bill of Indictment are re-alleged and incorporated herein by reference as though fully set forth herein.

18. On or about the dates set forth in the chart below, each such date constituting a separate count, in Mecklenburg County, within the Western District of North Carolina and elsewhere, the Defendant,

**DONNELL WRIGHT MCCASKILL,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, the names of the Identity Theft Victims identified below, knowing that the means of identification belonged to another actual person, during and in relation to one or more felony violations of 18 U.S.C. § 1029(a)(1), as described in the chart below:

| Count | Approximate Date | Identity Theft Victim |
|---|---|---|
| TWELVE | August 16, 2023 | R.C. |
| THIRTEEN | August 16, 2023 | E.P. |
| FOURTEEN | August 16, 2023 | D.C. |
| FIFTEEN | August 16, 2023 | M.G. |
| SIXTEEN | August 16, 2023 | E.E. |
| SEVENTEEN | August 16, 2023 | A.B. |
| EIGHTEEN | August 16, 2023 | J.M.H. |
| NINETEEN | August 16, 2023 | J.L.H. |
| TWENTY | August 16, 2023 | R.B. |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## NOTICE OF FORFEITURE

Notice is hereby given of 18 U.S.C. §§ 982 and 1029, and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982, 1029, and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in Counts One through Eleven of this Bill of Indictment;

b. All property used or intended to be used to commit the violations set forth in Counts One and Two; and

c. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a).

A TRUE BILL:

FOREPERSON

RUSS FERGUSON
UNITED STATES ATTORNEY

ERIC A. FRICK
SPECIAL ASSISTANT UNITED STATES ATTORNEY

7